UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIO ALEXIS and | : | CIVIL ACTION NO.: |
| DOUGENIE ALEXIS | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PMM ENTERPRISES LLC d/b/a EMPIRE | : | |
| AUTO GROUP LLC and SENSIBLE AUTO | : | |
| LENDING, LLC | : | SEPTEMBER 27, 2017 |
|     Defendants | : | |

COMPLAINT

I. INTRODUCTION

1. This is an action brought by two consumers against an automobile dealership for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 et seq., and for breach of express and implied warranty of merchantability under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.* Plaintiffs also assert pendent state law claims against the dealership for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 *et seq.* Plaintiffs also assert claims against the holder of the contract, Sensible Auto Lending, LLC.

II. PARTIES

2. Plaintiff Mario Alexis ("Mario) is a natural person residing in New London, Connecticut.

3. Plaintiff Dougenie Alexis ("Dougenie") is Mario's spouse and is a natural person residing in New London, Connecticut.

4. PMM Enterprises LLC d/b/a Empire Auto Group ("Empire Auto") is a Connecticut corporation that operates a motor vehicle dealership in South Windsor, Connecticut.

5. Sensible Auto Lending, LLC ("Sensible") is a Connecticut limited liability company with a principal office in Old Saybrook, Connecticut and is a sales finance company that accepts the assignment of retail installment contracts from Connecticut car dealerships.

### III. JURISDICTION

6. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7. This Court has jurisdiction over Empire Auto because it is organized under the laws of the state of Connecticut and regularly conducts business in this state.

8. This Court has jurisdiction over Sensible because it is organized under the laws of the state of Connecticut and it regularly conducts business in the state of Connecticut.

9. Venue in this Court is proper, because the Plaintiffs reside in Connecticut and the transaction occurred in this state.

## IV. FACTUAL ALLEGATIONS

10. On or about October 8, 2016, Mario went to Empire Auto because he was interested in purchasing a car and he looked at a 2013 Lincoln MKZ (the "Vehicle").

11. Mario asked the Empire Auto salesman if the Vehicle had ever been in an accident and the salesman told him the car was clean and had never been in an accident.

12. Empire Auto told Plaintiff the price of the car was $16,900.

13. Based upon Empire Auto's representations that the Vehicle was clean and had never been involved in an accident, and its agreement to sell the Vehicle for $16,900, Plaintiffs agreed to purchase the Vehicle.

14. Plaintiffs paid a down payment of $2,000.00 to Empire Auto and financed a balance of $17,688.29 pursuant to a retail installment contract that was assigned by Empire Auto to Sensible.

15. Empire Auto listed a sale price of $18,000 on the Contract, an amount that was $1,100 more than Plaintiffs agreed to pay.

16. When Mario questioned Empire Auto's employee regarding the increased price of the Vehicle, he was told that the higher price included a bank fee.

17. Plaintiffs believe, and therefore allege, that "bank fee" was added to the price of the Vehicle in order to compensate Empire Auto for the cost of arranging financing through Sensible.

18. Plaintiffs were not provided with copies of the Purchase Order or Contract at the time they signed the paperwork.

19. In or around July, 2017, Mario became interested in trading-in the Vehicle, and he brought the Vehicle to another dealership to obtain an appraisal, and he learned at this time that the Vehicle had prior damage.

20. On or about August 8, 2017, Plaintiffs had the Vehicle inspected by an independent auto body expert to obtain an assessment of the extent of any prior damage.

21. The independent expert determined that the Vehicle had been involved in a prior event that caused structural damage to the rear and left side of the Vehicle, and the Vehicle was improperly repaired and was not in merchantable condition and was unsafe to drive. He further opined that any automotive professional performing a simple visual inspection could clearly see that the Vehicle had been wrecked and poorly repaired.

22. Upon information and belief, Empire Auto knew of the Vehicle's structural damage, because the existence of the structural damage would have been discovered during a mandatory state safety inspection.

23. Upon learning that the Vehicle had significant structural damage and was not safe to drive, Plaintiffs returned it to Empire Auto on August 27, 2017.

24. On August 28, 2107, Plaintiffs, through their attorney, notified Empire Auto and Sensible that they revoked their acceptance of the Vehicle.

25. The Plaintiffs have returned the Vehicle to Defendants and have placed them in their original position prior to the transaction, or as close to that position as possible.

26. The defendants have failed and refused to refund to Plaintiffs their deposit and the amounts that they paid under the Contract.

27. Sensible, as holder of the Contract, is subject to defenses that could be raised against Empire Auto, and Sensible is liable for claims against Empire Auto (excluding the claim asserted under TILA), under the terms of the Contract and pursuant to Conn. Gen. Stat. § 52-572g.

## V. CAUSES OF ACTION

### A. TRUTH IN LENDING ACT (Empire Auto Only)

28. Empire Auto failed to provide Plaintiffs with a copy of the Contract, which contained the truth in lending disclosures, on the date the documents were signed.

29. Consequently, Empire Auto violated TILA by failing to give Plaintiffs the required disclosures in a form that they could keep prior to consummation of the transaction.

30. Plaintiff would not have paid the additional $1,000 charge in a cash transaction, and Empire Auto further violated TILA by failing to disclose the additional $1,000 charge as a finance charge and by including that amount as part of the amount financed.

31. For its violations of TILA, Empire Auto is liable to Plaintiffs for statutory damages of $2,000 plus their actual damages, and a reasonable attorney's fee pursuant to 15 U.S.C. § 1640.

### B.  ELECTRONIC FUNDS TRANSFER ACT

32. Empire Auto required that Plaintiffs set up automatic withdrawals of the loan payments as a condition of financing the Vehicle.

33. By conditioning the extension of credit to Plaintiffs on their repayment by means of preauthorized electronic fund transfers, Empire Auto violated the EFTA, 15 U.S.C. § 1693k.

34. For Empire Auto's violations of the EFTA, Plaintiffs are entitled to their actual damages, statutory damages of up to $1,000, and attorney's fees and costs pursuant to 15 U.S.C. § 1693m.

### C.  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

35. This Count is asserted under Magnuson-Moss for Empire Auto's breach of the implied warranty of merchantability, Conn. Gen. Stat. § 42a-2-314.

36. The Vehicle is a consumer product as that term is defined in § 2301(1) of MMWA.

37. A warranty that the Vehicle was in merchantable condition at the time of sale was implied by the Contract by operation of Conn. Gen. Stat. § 42a-2-314.

38. Empire Auto breached the implied warranty of merchantability because the Vehicle was not in merchantable condition at the time of sale to Plaintiffs due to its structural deficiencies that rendered the Vehicle unsafe to operate.

39. Empire Auto's breach of the implied warranty of merchantability was tortious in nature, in bad faith, were wanton and malicious, outrageous, and was undertaken with bad motive and with a reckless indifference to the Plaintiffs' interests and the injury that they sustained.

40. Plaintiffs are entitled to an order that they validly and effectively revoked acceptance of the Vehicle.

41. For Empire Auto's breach of the implied warranty of merchantability, Plaintiffs are entitled to their damages, including a refund of the $2,000 down payment plus all installment payments made under the Contract and consequential damages of $650 for the cost of the inspection of the Vehicle, common law punitive damages, and attorney's fees and costs pursuant to the MMWA, 15 U.S.C. § 2310(d).

### D. BREACH OF EXPRESS WARRANTY

42. Empire Auto's statements regarding the condition and history of the Vehicle constituted an express warranty pursuant to Conn. Gen. Stat. § 42a-2-313.

43. Empire Auto breached the express warranty because the Vehicle had structural damage at the time of sale to Plaintiffs and the Vehicle was unsafe to drive.

44. Empire Auto's breach of express warranty was tortious in nature, intentional, in bad faith, and was wanton and malicious, outrageous, and undertaken with bad motive and with a reckless indifference to Plaintiffs' interests and the injury that they sustained.

45. For Empire Auto's breach of the express warranty, Plaintiffs are entitled to an order that they validly and effectively revoked acceptance of the Vehicle pursuant to Conn. Gen. Stat. § 42a-2-608, and a refund of their $2,000 down payment and all payments made under the contract, punitive damages, and to attorney's fees and costs.

### E.  CONNECTICUT UNFAIR TRADE PRACTCES ACT

46.  Empire Auto violated CUTPA in the following ways:

   a.  Its TILA violations;

   b.  Its EFTA violations;

   c.  It failed to provide Plaintiffs with copies of the contract documents, despite repeated requests;

   d.  It sold Plaintiffs an unsafe vehicle and it misrepresented its condition; and

   e.  It failed to perform a safety inspection on the Vehicle as required by Conn. Gen. Stat. § 14-62(g) or, if it did perform a safety inspection, it sold the Vehicle notwithstanding the defects and without furnishing Plaintiffs with a copy of the CT DMV K-208 form as required by Conn. Gen. Stat. § 14-62(g);

47.  As a result of Empire Auto's conduct, Plaintiffs have suffered ascertainable losses of money or property in that they paid a down payment of $2,000, they made payments under the contract of $7,243.42, they paid $650 to have the Vehicle inspected, and they lost use of the Vehicle.

48.  For Empire Auto's violations of CUTPA, Plaintiffs are entitled to their actual damages plus punitive damages and a reasonable attorney's fee.

Wherefore, Plaintiffs claim actual damages, consequential damages, statutory damages under TILA of $2,000, statutory damages under the EFTA of up to $1,000, statutory punitive damages under CUTPA, common law punitive damages under MMWA, attorney's fees and costs, and an order that Plaintiffs validly and effectively revoked acceptance of the Vehicle and have no continuing obligation under the Contract.

PLAINTIFFS, MARIO ALEXIS and DOUGENIE ALEXIS,

By: /s/ *Daniel S. Blinn*_____
　　Daniel S. Blinn (ct02188)
　　dblinn@consumerlawgroup.com
　　Consumer Law Group, LLC
　　35 Cold Spring Rd. Suite 512
　　Rocky Hill, CT  06067
　　Tel. (860) 571-0408
　　Fax (860) 571-7457